

**MICHAEL A. CARDOZO**
*Corporation Counsel*

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**DONNA A. CANFIELD**
*Assistant Corporation Counsel*
phone: (212) 788-8703
fax: (212) 788-8877 (not for service)
mobile: (917) 573-3480
email: dcanfiel@law.nyc.gov

January 28, 2011

**VIA ECF**

Magistrate Judge Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. 1217
Brooklyn, New York 11201

        Re:    Lozano v. City of New York, et al.
                    Civil Case No.: 09 Civ 4166
                    LM # 2010-000316

Dear Magistrate Judge Gold:

       I am the Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, assigned to represent defendants City of New York and Deputy Inspector Keith Spadaro in the above-referenced matter. I write pursuant to Your Honor's order issued on January 14, 2011, directing defendants to submit a progress report regarding the procedures set up for gathering comparator data as requested by plaintiff in this matter.

       Plaintiff is requesting the files of all probationary police officers ("PPOs") who were placed in the New York City Police Department's ("NYPD") Performance Monitoring Unit between September 28, 2006 and September 28, 2009 for low performance and misconduct similar to that engaged in by plaintiff. According to NYPD records, it was recommended that plaintiff's probationary employment be terminated due to poor performance and ongoing misconduct which included abuse of sick procedures, off duty behavior, late to detail, late from meal, leaving post without permission, failing to sign out, failing to report to command after detail, and impeding a police investigation.[1] In order find the comparator files, if any, the

---

[1] Plaintiff's counsel has asserted that charges were pending against plaintiff for the sale of Viagra. A review of NYPD records indicates that charges were pending against plaintiff for impeding an investigation into allegations of the illegal sale of Viagra by an individual known to the NYPD. It has not yet been determined by this office as to whether this incident was considered in the termination of plaintiff's probationary employment.

Performance Monitoring Unit ("PMU") has set up the following process for culling the comparator.

 First, it was necessary to construct a list of all PPOs who were in PM between 2006 and 2009. This list has been completed, and it has been determined that in 2006, there was a total of 531 PPOs in PM; in 2007, a total of 498 PPOs; in 2008, 373 PPOs, and in 2009, a total of 306 PPOs in PM. From this list, the names of the PPOs will be cross-checked so as not to duplicate those PPOs who remained in PM for more than a year. The list will be further narrowed to only those PPOs who were in PM between September 28, 2006 and September 28, 2009. Once a final list of PPOs in PM is generated, the next step will be to determine where each PPOs PM file is located. For example, if the PPO has been terminated and the file closed, the file may have been sent to an off-site storage facility. After each file is located, the PM Unit will review each file for similar or comparable to the conduct listed above.

 It was reported to this office that the process of locating and reviewing the files will take up to 2-3 months.

               Respectfully yours,

                /s/

               Donna A. Canfield
               Assistant Corporation Counsel
               dcanfiel@law.nyc.gov

c:  Eric Sanders, Esq.